UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Brian Martinez,

      Plaintiff,

v.

Breg, Inc.; Does 1-5; Does 6-10;

      Defendants.

MEMORANDUM OPINION
AND ORDER
Civil No. 10-2775 ADM/JJK

_____

Yvonne M. Flaherty, Esq., Lockridge Grindal Nauen PLLP, Minneapolis, MN, and Victoria J. Maniatis, Esq., and Kirk Chapman, Esq., Milberg LLP, New York, NY, on behalf of Plaintiff.

Molly J. Given, Esq., John D. Sear, Esq., and William N.G. Barron, IV, Esq., Bowman and Brooke LLP, Minneapolis, MN on behalf of Defendant Breg, Inc.

_____

## I. INTRODUCTION

This matter is before the undersigned United States District Court Judge for consideration of change of venue pursuant to 28 U.S.C. § 1404(a). By Order [Docket No. 9] dated August 27, 2010, the Court directed the parties to file briefs addressing (1) whether this action should be transferred to another district pursuant to § 1404(a), and (2) to which district this action should be transferred assuming that transfer is appropriate. Both parties have now responded. For the reasons set forth below, the case will be transferred to the United States District Court for the Central District of California.

## II. BACKGROUND

On February 9, 2004, Plaintiff Brian Martinez ("Martinez"), underwent shoulder surgery at Blue Ridge Surgery Center in Seneca, South Carolina. Compl. [Docket No. 1] ¶ 15. During the surgery, doctors affixed a "pain pump" to his shoulder. Id. Pain pumps are used to manage

post-operative pain and inject medication directly into a patient's shoulder joint. Id. ¶ 1. Pain pumps typically remain implanted for several following surgery. See id.

Pain pumps have been linked to chondrolysis, a condition occurring when the cartilage in a joint is lost. See id. ¶ 3. Martinez alleges that the anesthetic medication released by his pain pump destroyed the cartilage in his shoulder, causing him pain and decreased range of motion. Id. ¶ 16.

Defendant Breg, Inc. ("Breg") manufactured the pain pump that was implanted into Martinez's shoulder. Id. ¶ 15. Breg is a California corporation with its principal place of business in Vista, California. Id. ¶ 10. Martinez is a resident of Plantation, Florida. Id. ¶ 9. At the time of his shoulder surgery, Martinez resided in Orlando, Florida. Id. ¶ 14.

Martinez commenced this action, seeking recovery for his injuries, in the United States District Court for the District of Minnesota (the "District of Minnesota"). The instant case is one of thousands of products liability lawsuits, many involving pain pumps, brought in this District, presumably to take advantage of Minnesota's liberal six-year statute of limitations period. See, e.g., Evans v. Breg, Inc., Civil No. 10-175, 2010 WL 2985691, *1 (D. Minn. July 26, 2010) (noting existence of thousands of product-liability actions in District of Minnesota and noting that vast majority were filed to take advantage of statute of limitations).

After reviewing the Complaint, the Court noted this case's lack of connection to Minnesota and directed the parties to prepare briefs addressing transfer. Breg advocates transfer to the United States District Court for the Southern District of Florida (the "Southern District of Florida"). Martinez argues that transfer is inappropriate and the case should stay in Minnesota. Martinez argues in the alternative that in lieu of transfer the Court should dismiss this action

without prejudice so that Martinez can refile in state court in California. Martinez also argues that if transfer is ordered it should be to the United States District Court for the Central District of California (the "Central District of California").

### III. DISCUSSION

Section 1404(a) provides: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). Deciding whether to transfer requires consideration of three factors: (1) convenience of the parties, (2) convenience of the witnesses, and (3) the interests of justice. Terra Int'l, Inc. v. Mississippi Chem. Corp., 119 F.3d 688, 691 (8th Cir. 1997). Transfer should be determined after a case-by-case evaluation of the particular circumstances and consideration of all relevant factors. Id.

As a threshold matter, as a diversity case between Breg and Martinez, both the Southern District of Florida and the Central District of California would have personal jurisdiction over the parties and subject matter jurisdiction over this case. Therefore, this action could have been brought in either forum, and the Court will focus its attention on the Terra factors.

#### A. Convenience of the Parties

In considering the convenience of the parties, courts generally afford deference to a plaintiff's choice of forum. Graff v. Qwest Commc'ns Corp., 33 F. Supp. 2d 1117, 1121 (D. Minn. 1999). Where, however, the plaintiff is not a resident of the forum and the underlying events did not occur in the forum, little or no deference should be afforded to the plaintiff's choice. Burnett v. Wyeth Pharm., Inc., Civil No. 06-4923, 2008 WL 732425, *1 (D. Minn. March 17, 2008).

Minnesota is an inconvenient forum for the parties. None of the parties are located in Minnesota. None of the relevant events or alleged injuries occurred in Minnesota. None of the evidence is located in Minnesota. Indeed, it appears the only connection Minnesota has to this litigation is the fact that Martinez commenced his lawsuit here. Significant expenses will be expended if the parties are required to travel to Minnesota to litigate this case.

Either the Southern District of Florida or the Central District of California would be more convenient for the parties, as each resides in one of those districts. Between those forums, each party wishes to have this action in the resident forum of the other party. However, none of the alleged acts took place in Florida, and Martinez's surgery occurred in South Carolina. Thus, the Central District of California may afford greater convenience to the parties because some of the alleged acts occurred at Breg's principal place of business, and therefore some of the evidence in this case will likely be located there. Furthermore, while not Martinez's first choice, the Court will afford his preference for the Central District of California over the Southern District of Florida some deference. As such, this factor weighs in favor of transfer to the Central District of California.

### B. Convenience of the Witnesses

In analyzing the convenience of the witnesses factor, relevant considerations are the willingness of witnesses to appear, the ability to subpoena witnesses, and the adequacy of deposition testimony. Terra, 119 F.3d at 688.

Minnesota is an inconvenient forum for the witnesses in this case. Most, if not all, of the anticipated non-party witnesses reside outside of Minnesota, and their willingness to travel cannot be presumed. Furthermore, most of the anticipated fact witnesses reside outside of

Minnesota, and thus outside of the Court's subpoena power. As such, this factor weighs in favor of transfer to another district.

Between the Southern District of Florida and the Central District of California, the convenience of the witnesses is neutral as the anticipated witnesses, particularly third party witnesses, are unknown. The physicians who implanted the pain pump reside in South Carolina, where the surgery occurred, and thus outside of the subpoena power of either district court. Therefore, this factor favors transfer, but is neutral between the Southern District of Florida and the Central District of California.

### C.  Interests of Justice

Relevant considerations for weighing the interests of justice include judicial economy, plaintiff's choice of forum, comparative costs of litigating in each forum, ability to enforce a judgment, obstacles to a fair trial, conflict of law issues, and advantages of having a local court determine questions of local law. Terra, 199 F.3d at 696.

Martinez argues that (1) judicial economy favors remaining in the District of Minnesota, (2) his choice of forum should be afforded *some* deference, (3) conflict of law issues are best decided by this Court due to the number of similar cases in this District, and (4) all other relevant factors are comparable between the District of Minnesota and any other district. Martinez's argument is not persuasive.

Judicial economy does *not* favor keeping this case before the Court. To the contrary, the Court has been inundated by pain pump and other products liability cases that have no significant connection to Minnesota. This flood of discretionary venue cases threatens to overwhelm this District, which currently has the third highest weighted caseload in the country.

Statistics Subcomm. of the Judicial Res. Comm. of the Judicial Conference of the United States. Multidistrict litigation ("MDL") is the proper procedure to enhance judicial economy by litigating similar cases in tandem. This case has not been approved for MDL treatment. See Evans, 2010 WL 2985691 at *3 (noting that pain pump cases were not afforded MDL treatment and forcing de facto MDL treatment by the Court does not serve interests of justice).

Further, conflict of law issues are not present, and either of the offered forums are equally adept at deciding any such issues that may arise. Finally, the deference afforded Martinez's choice of forum does not outweigh all other considerations. As such, the interests of justice dictate that this case should be transferred to another forum.

For its part, Breg argues that transfer is warranted, but that transfer should be to the Southern District of Florida. Breg argues that Florida has an interest in this matter because Martinez lives there and his recovery from injury has been taking place there. The Court is not persuaded by Breg's arguments. California, like Florida, also has an interest in litigation affecting its residents, and has an interest in ensuring that its corporations avoid tortious activity. The interests of each state cannot be the dispositive factor in this analysis–each state's only connection to the case is the residence of the parties. As such, the dispositive factor here will be the Plaintiff's choice. Justice does require that his choices are afforded some deference. Here, he indicated a preference for the Central District of California.

In sum, as all three factors weigh in favor of transfer, this case will be transferred to another forum. As two of the three transfer factors favor the Central District of California, and the other factor remains neutral between that district and the Southern District of Florida, this case will be transferred to the Central District of California.

## IV.  CONCLUSION

Based upon the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that pursuant to 28 U.S.C. § 1404(a), the venue of this case shall be transferred to the United States District Court for the Central District of California.

BY THE COURT:

s/Ann D. Montgomery
ANN D. MONTGOMERY
U.S. DISTRICT JUDGE

Dated:  November 23, 2010.